UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELODY HOWARD,

    Plaintiff,

v.                                           CASE No. 8:10-CV-771-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion for Attorney's Fees (Doc. 30) filed by counsel for the plaintiff on June 3, 2010. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,695.20 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a federal debt.

The applicant represented the plaintiff in this action seeking review of a denial of her claims for Social Security disability benefits and supplemental security income payments. The Commissioner filed an

unopposed motion to remand this case to have an administrative law judge further review and address whether the plaintiff had any qualifying past relevant work (Doc. 27). Consequently, this matter was reversed and remanded to the Social Security Administration by order of this court dated March 7, 2011 (Doc. 28). Judgment was therefore entered in favor of the plaintiff (Doc. 29). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 30).

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,695.20 (Doc. 30). This amount represents 15.9 hours of service before the court in 2010 and 2011 at an hourly rate of $169.51 by attorney Michael Steinberg (id., p. 2).* The plaintiff avers that the

---

*In his memo, plaintiff's counsel states, incorrectly, that the fees requested reflect work he performed in 2010 (Doc. 30, p. 2). However, attached to his motion is an itemization of hours form, which clarifies that he performed services in this case in 2010 and 2011 (Doc. 30-1).

defendant does not oppose the application (id.). Moreover, the defendant has not responded to the motion despite adequate time to do so.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, no special circumstance exists which would make an award of attorney's fees unjust. Accordingly, the award of attorney's fees to the plaintiff in this case is appropriate under the EAJA.

The claim of 14.9 hours for services performed in this case and one hour for preparing the fee petition appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate from the statutory amount of $125.00 per hour to $169.51 per hour for work performed in 2010 and 2011 (Doc. 30, p. 2). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Accordingly, the 15.9 hours of work performed in 2010 and 2011 will be calculated at a rate of $169.51, for a total of $2,695.20.

For the foregoing reasons, the Plaintiff's Motion for Attorney's Fees (Doc. 30) is hereby **GRANTED.** The plaintiff is hereby awarded the

amount of **$2,695.20** in attorney's fees be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant after it is determined the plaintiff does not owe a federal debt.

    IT IS SO ORDERED.

    DONE and ORDERED at Tampa, Florida, this 7th day of July, 2011.

                                      THOMAS G. WILSON
                                  UNITED STATES MAGISTRATE JUDGE